**ACLU of Hawaii Foundation**
JONGWOOK "WOOKIE" KIM 11020
P.O. Box 3410
Honolulu, HI 96801
T: (808) 522-5905
F: (808) 522-5909
wkim@acluhawaii.org

**American Civil Liberties Union Foundation**
LORIE CHAITEN*
1640 North Sedgwick Street
Chicago, IL 60614
T: (212) 549-2633
F: (212) 549-2650
lchaiten@aclu.org

**American Civil Liberties Union Foundation**
RACHEL REEVES*
915 15th Street NW
Washington, DC 20005
T: (212) 549-2633
F: (212) 549-2650
rreeves@aclu.org

**American Civil Liberties Union Foundation**
JULIA KAYE*
JENNIFER DALVEN*
WHITNEY WHITE*
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2633
F: (212) 549-2650
jkaye@aclu.org
jdalven@aclu.org
wwhite@aclu.org

**Arnold & Porter Kaye Scholer LLP**
JOHN A. FREEDMAN*
601 Massachusetts Ave., NW
Washington, DC 20001
T: (202) 942-5000
F: (202) 942-5999
john.freedman@arnoldporter.com

*admitted pro hac vice*

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| GRAHAM T. CHELIUS, M.D., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, J.D., *in his official capacity as* SECRETARY, U.S. D.H.H.S., *et al.*, <br><br> Defendants. | CIVIL ACTION <br><br> Case No. 1-:17-cv-00493-JAO-RT <br><br> **PLAINTIFFS' BRIEF OPPOSING A STAY PENDING DISTRICT COURT PROCEEDINGS IN *WASHINGTON V. FDA*** |

ii

I.  **INTRODUCTION**

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Those rare circumstances do not exist here. The *Chelius* Plaintiffs have been diligently pursuing this challenge to the mifepristone REMS for nearly six years. They are uniquely well-situated to litigate the lawfulness of the REMS, including because (1) they have already twice submitted summary judgment materials; (2) they have already negotiated and executed agreements with Defendants regarding, *inter alia*, extra-record discovery and joint stipulations; (3) they are the only REMS litigants who engaged directly with FDA during the agency's most recent REMS review, in a dialogue that will be at issue on the merits[1]; and (4) this is the only REMS challenge with a national plaintiff for whom complete relief would necessarily be nationwide. Once Defendants supplement the administrative record, Plaintiffs stand ready to resume summary judgment briefing and resolve the claims they first raised in October 2017.

Given this history, it would be a grave injustice to instead sideline Plaintiffs while their rights are settled in other REMS challenges filed mere months ago:

---

[1] *See* Am. Compl. ¶ 105 (ECF 169) (FDA describing its review as "includ[ing] an examination of literature references provided by plaintiffs in the *Chelius v. Becerra* litigation"); *id.* at ¶ 106 (Plaintiffs' allegation that FDA in fact omitted from its analysis statutorily relevant data and evidence provided by the *Chelius* Plaintiffs).

1

*Washington v. FDA* and *Whole Woman's Health Alliance v. FDA* ["*WWHA*"].[2] And it would directly contravene precedent to stay this case indefinitely pending *Washington* when that matter has not even been scheduled for briefing and Defendants have signaled that they are likely to seek a stay in *Washington* as well; when Defendants have raised standing and exhaustion defenses in *Washington* that they have waived here; and when Defendants cannot show hardship because the federal government routinely litigates concurrent challenges to the same laws.

II.   ARGUMENT

A. A Stay Pending *Washington* Would Violate the *Landis* Factors.

A district court abuses its discretion by "issuing a stay without any indication that it w[ill] last only for a reasonable time." *Dependable Highway Express Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1067 (9th Cir. 2007). A stay pending resolution of district court proceedings in *Washington* is likely even longer and of even less certain duration than a stay pending the resolution of appeals in *Alliance for Hippocratic Medicine v. FDA*, No. 2:22-cv-223-Z, 2023 WL 2825871 (N.D. Tex. Apr. 7, 2023) [hereinafter "*AHM*"]; (ECF 173, at 16–19.) Defendants agreed to the *Washington* schedule only because that Court set a deadline for production of the record "without setting any dates for further proceedings, including summary

---

[2] *Washington*, No. 1:23-cv-3026-TOR, 2023 WL 2825861 (E.D. Wash. Apr. 7, 2023); *WWHA*, No. 3:23-cv-00019-NKM (W.D. Va. filed May 8, 2023).

2

judgment." (ECF 175, at 6; *accord id.* at 16.) If, for instance, the *Washington* plaintiffs dispute the scope of the record or seek to negotiate extra-record discovery as the *Chelius* Plaintiffs did in 2019 (ECF 50), it could be years before summary judgment briefing even **begins**—and months or years longer before a ruling is issued.

Moreover, there is every reason to believe that Defendants will ultimately seek a stay of the *Washington* proceedings pending the resolution of appeals in *AHM*, just as Defendants have already done both here and in *WWHA*. Defs.' Combined Mem. in Opp'n to Pls.' Mot. for Prelim. Inj. & in Support of Mot. to Stay Proceedings, *WWHA*, No. 3:23-cv-00019-NKM (W.D. Va. June 5, 2023), ECF 27. If Defendants do obtain a stay, it could easily be years before the resolution of district court proceedings in *Washington*. A stay here of such indeterminate length cannot survive under *Landis* and Ninth Circuit precedent. (*See* ECF 173, at 16–19.)

Additionally, Plaintiffs' allegations more than establish "a fair possibility" that the REMS is undermining access to mifepristone for abortion and miscarriage care across the country, and that indefinitely delaying the *Chelius* Plaintiffs in seeking nationwide relief will therefore "work damage." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).[3] Accordingly, Defendants "'*must* make out a

---

[3] It is unclear whether any relief the *Washington* or *WWHA* plaintiffs might secure against the REMS would reach all of the *Chelius* Plaintiffs. Unlike *Chelius*, none of

3

clear case of hardship or inequity'" if the stay is denied, which they have failed to do. *Id.* at 1112 (quoting *Landis*, 299 U.S. at 255) (emphasis added).

Precedent squarely disposes of Defendants' argument that having to litigate on multiple fronts would be hardship. (ECF 175, 184); *Landis*, 299 U.S. at 251 (rejecting argument that stay was needed because litigating multiple challenges to one statute would "clog the courts, [and] overtax the facilities of the Government"). Defendants' other argument—that the *Washington* preliminary injunction might conflict with a final judgment by this Court, thereby causing hardship (ECF 175, 184)—is unfounded. There is no plausible reading of the *Washington* injunction that would prevent this Court from making mifepristone *more* available by eliminating or modifying the REMS. As the *Washington* court repeatedly underscored, the plaintiffs sought to prevent FDA from "changing the status quo to make mifepristone *less* available." *Washington*, 2023 WL 2825861, at *4, *9 (emphasis added). Thus, that is all the *Washington* order can be understood to do: prevent FDA from making mifepristone *less* available. That reading also aligns with the Court's findings that FDA's actions with respect to mifepristone are likely unlawful. *Id.* at *8–9.

---

the plaintiffs in those cases has a nationwide membership base. *See* Compl., *WWHA*, No. 3:23-cv-00019-NKM (W.D. Va. filed May 8, 2023); *Washington*, 2023 WL 2825861, at *10. And the *Washington* Court already limited its preliminary injunction to the plaintiff States—excluding California, where all members of Plaintiff California Academy of Family Physicians practice, and other states like New York and Massachusetts, where Plaintiff Society of Family Planning has members. 2023 WL 2825861, at *10.

4

If, after this Court enters a final judgment, Defendants nonetheless believe that there is conflict between the two orders, they are free to seek clarification from Judge Rice or, if necessary, the Ninth Circuit. The hypothetical prospect of conflicting decisions is not enough to justify a stay. *See Landis*, 299 U.S. at 249–50 (vacating stay where one case sought to enjoin enforcement of a statute and a concurrent case sought to compel adherence with it).

### B. It Would Be Unfair and Prejudicial to Force the *Chelius* Plaintiffs to Stand By While Their Rights are Settled By Others.

The *Chelius* Plaintiffs and their counsel have been seeking relief from the burdens of the mifepristone REMS for years: directly asking FDA to eliminate the REMS in 2016; filing this suit in 2017; and making evidentiary submissions to FDA in 2021 that will be directly at issue on the merits. (ECF 169, at ¶¶ 73, 103.)

While Plaintiffs believe all three REMS lawsuits should proceed concurrently, were only one case to move forward, it should be this one. *Chelius* is the first-filed case by *more than five years*, and thus, unsurprisingly, the most fully developed of the three.[4] Moreover, the *Chelius* Plaintiffs are best-positioned to secure broad relief: this is the only challenge brought by a national plaintiff for whom complete relief

---

[4] For instance, the *Chelius* Plaintiffs have already negotiated and obtained extra-record discovery, a protective order, a declaration from FDA Commissioner Janet Woodcock, and joint stipulations. (*See, e.g.*, ECF 50, 61, 76, 77, 85, 140.) They have also already twice submitted motions for summary judgment, statements of undisputed fact, and declarations. (ECF 86–88-2, 97–99, 141–43-3.)

5

would necessarily be nationwide, *see supra* at n.3, and the only case in which Defendants are not raising standing or exhaustion defenses. (ECF 184.)

Simply put, it would be terribly unfair and prejudicial to "compel[]" Plaintiffs "to stand aside" while litigants who filed suit against the REMS mere months ago "settle[] the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

### C. It Is Valuable and Common for District Courts in the Ninth Circuit to Concurrently Consider Challenges to the Same Law.

It is both beneficial and common for district courts within the same circuit to consider similar challenges concurrently. "[L]etting legal issues 'percolate' throughout the judicial system" provides a meaningful "benefit" to appellate courts, *Johnson v. U.S. R.R. Ret. Bd.*, 969 F.2d 1082, 1093 (D.C. Cir. 1992), and ensures "thorough development of legal doctrine" through "litigation in multiple forums," *United States v. Mendoza*, 464 U.S. 154, 163–64 (1984). The Ninth Circuit affirmed this principle in *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883 (9th Cir. 2008), where the court considered an issue on which there had only been a "small number" of lower court decisions and specifically adopted a rule that would "allow these difficult issues to further percolate in the lower courts." *Id.* at 907–08. By contrast, staying this case pending *Washington* would deprive the Ninth Circuit of this Court's considered judgment and a factual record encompassing the harms experienced by Plaintiffs and their members as a result of the REMS.

The federal government regularly defends concurrent lawsuits against the same policies in the Ninth Circuit and beyond. For example, district courts in Oregon, Washington, and California simultaneously considered challenges to the 2018 changes to the Title X family planning program, issuing injunctions against the same rule.[5] Also in 2019, district courts in California and Washington heard parallel challenges to a health care rule.[6] The federal government also recently defended simultaneous challenges in multiple federal courts to policies including the Muslim travel ban, restrictions on asylum, and a citizenship question on the Census.

## III. CONCLUSION

For the foregoing reasons and those stated in Plaintiffs' opposition to Defendants' earlier stay motion (ECF 173), the stay should be denied.

---

[5] *Oregon v. Azar*, 389 F. Supp. 3d 898 (D. Or. 2019); *Washington v. Azar*, No. 1:19-cv-03040-SAB, 376 F. Supp. 3d 1119 (E.D. Wash. 2019); *State v. Azar*, 385 F. Supp. 3d 960 (N.D. Cal. 2019); *see also California ex rel. Becerra v. Azar*, 950 F.3d 1067 (9th Cir. 2020) (en banc) (vacating district court injunctions). The government also simultaneously defended litigation against the same rule in the First and Fourth Circuits. *Mayor & City Council of Baltimore v. Azar*, 392 F. Supp. 3d 602 (D. Md. 2019) (preliminary injunction), *permanent relief granted by* 439 F. Supp. 3d 591 (D. Md. 2020), *aff'd*, 973 F.3d 258 (4th Cir. 2020) (en banc); *Family Planning Ass'n of Maine v. Azar*, 404 F. Supp. 3d 286 (D. Me. 2019) (preliminary injunction denied).

[6] *City and County of San Francisco v. Azar*, 411 F. Supp. 3d 1001 (N.D. Cal. 2019), *appeal docketed*, Nos. 20-15398 (9th Cir. Mar. 9, 2020); *Washington v. Azar*, No. 2:19-cv-00183-SAB, 426 F. Supp. 3d 704 (E.D. Wash. 2019), *appeal docketed*, No. 20-35044 (9th Cir. Jan. 21, 2020). The government also simultaneously defended litigation against the same rule in the Second and Fourth Circuits. *New York v. U.S. Dep't of Health & Hum. Servs.*, 414 F. Supp. 3d 475 (S.D.N.Y. 2019); *Mayor & City Council of Baltimore v. Azar*, No. 1:19-cv-01672-GLR (D. Md. filed June 5, 2019).

Respectfully submitted,

/s/ Jongwook "Wookie" Kim
JONGWOOK "WOOKIE" KIM
11020
**ACLU of Hawaii Foundation**
P.O. Box 3410
Honolulu, HI 96801
T: (808) 522-5905
F: (808) 522-5909
wkim@acluhawaii.org

LORIE CHAITEN*
**American Civil Liberties Union Foundation**
1640 North Sedgwick Street
Chicago, IL 60614
T: (212) 549-2633
F: (212) 549-2650
lchaiten@aclu.org

RACHEL REEVES*
**American Civil Liberties Union Foundation**
915 15th Street NW
Washington, DC 20005
T: (212) 549-2633
F: (212) 549-2650
rreeves@aclu.org

JULIA KAYE*
JENNIFER DALVEN*
WHITNEY WHITE*
**American Civil Liberties Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2633
F: (212) 549-2650
jkaye@aclu.org
jdalven@aclu.org
wwhite@aclu.org

JOHN A. FREEDMAN*
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., NW
Washington, DC 20001
T: (202) 942-5000
F: (202) 942-5999
john.freedman@arnoldporter.com

*admitted pro hac vice*

*Attorneys for Plaintiffs*

DATED: Honolulu, Hawai'i, June 28, 2023.