BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

SARMAD M. KHOJASTEH
Senior Counsel to the Assistant Attorney General
Civil Division

LISA HSIAO
Acting Director

JAMES W. HARLOW
Acting Assistant Director

NOAH T. KATZEN (D.C. Bar No. 1006053)
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
450 Fifth St., N.W.
Washington, DC 20530
Tele: 202-305-2428
Fax: 202-514-8742
Noah.T.Katzen@usdoj.gov

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HEIDI PURCELL, *et al.*, | CIV. NO. 1:17-00493-JAO-RT |
| Plaintiffs, | **DEFENDANTS' OBJECTION TO SUPPLEMENTAL DECLARATION OF HONOR MACNAUGHTON, M.D.** |
| v. | |
| ROBERT F. KENNEDY, JR., *et al.*, | |

1

Defendants.

As permitted by this Court's Minute Order of August 25, 2025 (ECF No. 250), Defendants object to the Supplemental Declaration of Honor MacNaughton, M.D. (ECF No. 251), on two grounds.

*First*, consideration of the Supplemental Declaration would be futile. Regardless of when Dr. MacNaughton joined the Society for Family Planning (SFP), she cannot serve as a springboard for SFP's standing for the reasons set forth in Defendants' Reply in Support of Cross Motion for Summary Judgment. ECF No. 238, at 4-7. Again, Plaintiffs did not identify Dr. MacNaughton as a member in the operative complaint. *Id.* at 4-5. And even if Dr. MacNaughton was a "member[] of SFP at the relevant time," she also "fail[ed] to establish [her] own standing." *Id.* at 6.

During the August 22, 2025 hearing, Plaintiffs urged that they could rely on members who were not identified in the operative complaint. Hearing Tr. 49:21–50:4. But plaintiffs claiming associational standing must "identify members who have suffered the requisite harm." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). At most, a plaintiff can be excused from this pleading requirement only when the existence of such members is "relatively clear." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). *But see Cal. Restaurant Ass'n v. City of Berkeley*, 89 F.4th 1094, 1116 (9th Cir. 2024) (Baker, J.,

2

concurring) ("In the wake of [*Spokeo, Inc. v. Robins*, 578 U.S. 300 (2016)], the continuing vitality of *Cegavske* is an open question"). This exception does not apply here, as SFP knows. After all, it purported to identify in the operative complaint certain members who allegedly had standing. But Dr. MacNaughton was not among them. Because SFP did not plead standing based on injuries to Dr. MacNaughton, it cannot now establish associational standing through her. ECF No. 238, at 5.

    At the hearing, Plaintiffs cited *Oregon Advocacy Center v. Mink*, 322 F.3d 1101 (9th Cir. 2003), as permitting them to "identify other members," who are not mentioned in the operative complaint, "at later stages of the proceeding" in order to establish standing. Hearing Tr. 50:3-50:4. *Mink* does not bless Plaintiffs' attempted switcheroo. *Mink* determined that the associational plaintiff had standing based, in part, on the standing of the named individual plaintiff who was a member. 322 F.3d at 1112. Of course, the named individual plaintiff here, Dr. Purcell, indisputably lacks standing by offering no evidence on that score. And to the extent Plaintiffs rely on *Mink*'s separate discussion about "moot claims," Hearing Tr. 50:3, that is irrelevant to the question here—*i.e.*, whether SFP can plead standing based on certain members, abandon that theory at summary judgment, and attempt to show standing based on an entirely different member.

3

*Second*, Plaintiffs have already had a fair opportunity to demonstrate their standing. Defendants challenged SFP's associational standing in their Cross-Motion for Summary Judgment. (ECF No. 228-1, at 16-20). Plaintiffs then had an opportunity and every incentive to respond with evidence of standing. They failed to do so. Plaintiffs should not get yet another bite at the apple.

*Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254 (2015), does not point to a different conclusion. That case "do[es] not purport to speak to circumstances" like this, where "the opposing party raised the issue of standing" and the plaintiff "had more than enough time to take any steps necessary to ensure that it would be able to prove standing." *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1286 (11th Cir. 2019). Rather, *Alabama Legislative Black Caucus* granted the associational plaintiff "an opportunity to provide evidence of" standing on remand only because, given the arguments below, it might have "reasonably" believed that "it need not provide [such] additional information." *Id.* at 270-71. Plaintiffs here faced no similar risk of a blindside, "*sua sponte*" dismissal, contrary to "procedural fairness." *Id.* at 271.

The other authorities cited in the Minute Order likewise do not warrant considering the Supplemental Declaration. *Warth v. Seldin* addressed what a court may do before "ruling on a motion to dismiss," a far different procedural posture. 422 U.S. 490, 501-02 (1975). To the extent it is relevant, *Warth* confirms that

4

where, as here, a plaintiff fails to properly support standing after an opportunity to do so, the case should end. *Id.* ("If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed."). And Federal Rule of Civil Procedure 56(e)(1) does not require that a party receive extra chances to properly support a material fact at summary judgment where (as here) the party "failed diligently to pursue" them "in the past." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

Dated: September 12, 2025        Respectfully submitted,

*/s/ Noah T. Katzen*
NOAH T. KATZEN
Consumer Protection Branch
U.S. Department of Justice

*Attorney for Defendants*