IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HEIDI PURCELL, M.D, *et al.*,<br>Plaintiffs,<br>vs.<br>ROBERT F. KENNEDY, JR., *et al.*,<br>Defendants. | CIV. NO. 17-00493 JAO-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR FEES AND EXPENSES |

**FINDINGS AND RECOMMENDATION TO GRANT**
**PLAINTIFF'S MOTION FOR FEES AND EXPENSES**

Before the Court is *Plaintiffs' Motion for Fees and Expenses* ("Fee Motion"), filed on April 21, 2026. ECF No. 266. Plaintiffs seek attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiffs request attorneys' fees in the amount of **$626,787.66** and nontaxable costs in the amount of **$2,781.33** for eight years of representation.[1] ECF No. 270 at PageID.10105.

---

[1] Plaintiffs initially requested attorneys' fees in the amount of $634,668.33 and nontaxable expenses in the amount of $13,631.33. ECF No. 266 at PageID.9819. However, Plaintiffs later decided to modify their request by reducing the amount of fees and costs requested. ECF No. 268 at PageID.10094.

The *Fee Motion* shall be decided without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules" or "LR"). After careful consideration of the *Fee Motion*, the parties' submissions, records in this case and applicable law, the Court **FINDS** that Plaintiffs are the prevailing party in this case and **RECOMMENDS** that Plaintiffs be awarded EAJA fees in the amount of **$626,787.66** and costs in the amount of **$2,781.33**.

## BACKGROUND

The parties and Court are familiar with the factual and procedural background of this case. The Court shall not recite a detailed description of the eight-year procedural background of this case but shall provide a brief context of this case here. Any relevant details of the procedural history of this case shall be addressed in the discussion portion of this *Findings and Recommendation to Grant Plaintiff's Motion for Fees and Expenses*.

On October 3, 2017, Plaintiffs **Graham T. Chelius, M.D.**, on behalf of himself and his patients ("Dr. Chelius"); **Society of Family Planning**, on behalf of its members and their patients ("SFP"); **California Academy of Family Physicians**, on behalf of its members and their patients ("CAFP"); and **Pharmacists Planning Services Inc.**, on behalf of its members and their patients ("PPSI") (collectively, "Original Plaintiffs") filed their *Complaint* in the United

States District Court for the District of Hawaii. ECF No. 1. The Original Plaintiffs commenced this lawsuit to challenge the United States Food and Drug Administration's ("FDA" or "Agency") decision to impose a Risk Evaluation and Mitigation Strategies ("REMS") and Elements to Assure Safe Use ("ETASU") on the distribution of a drug named mifepristone. This drug terminates early pregnancies without surgery.

Plaintiffs[2] claim that the REMS prevent pharmacists from stocking mifepristone at their retail locations and dispensing mifepristone to patients in need with a prescription. Plaintiffs argued that the FDAs imposition of REMS and ETASU is unwarranted relative to the safety the use of mifepristone. Because of the imposition of REMS, Plaintiffs claim loss of business and opportunities to care for patients with mifepristone, which Plaintiffs claim is a safe and effective medication. ECF No. 34 at PageID.515. Plaintiffs thus challenged the FDA's decision to maintain the imposition of REMS with ETASU for mifepristone by claiming that doing so was a violation of the Administrative Procedure Act ("APA"). Plaintiffs requested that the district court remand this case "to the FDA with instructions to address the statutorily-mandated factors and consider relevant evidence the Agency allegedly disregarded." ECF No. 253 at PageID.9608.

---

[2] Heidi Purcell, M.D. ("Dr. Purcell") FACOG; Society of Family Planning ("SFP") and the California Academy of Family Physicians ("CAFP") are the current and remaining plaintiffs in this case (collectively, "Plaintiffs").

In April 2021, PPSI dismissed its claims voluntarily because of the "organization's imminent dissolution." ECF No. 266-4 at PageID.9974.

On June 21, 2024, the parties stipulated to dismissing without prejudice Dr. Graham Chelius ("Dr. Chelius") and adding Dr. Purcell as a plaintiff because Dr. Chelius was soon moving away from Hawaii. ECF No. 208. On that same day, Plaintiffs filed a *Second Amended and Supplemental Complaint*, which replaced Dr. Chelius with Dr. Purcell. ECF No. 209.

On October 30, 2025, the district court determined that Dr. MacNaughton had standing and as a result, because "she is and was a member of SFP, that organization [was found to have] established standing." ECF No. 253 at PageID.9633.

After protracted litigation and the administrative challenges in this case, the district court concluded that under the APA, "the Agency neglected to consider certain required statutory factors and generally failed to sufficiently explain the logic behind any reasoning it [provided], rendering the 2023 REMS Decision arbitrary and capricious." *Id*. at 9609. The district court remanded this case to the FDA for the purpose of reviewing these required factors. *Id*. The district court declined to maintain jurisdiction over this case while the remand is pending before the FDA. ECF No. 262. This *Fee Motion* then followed and was filed on April 21, 2026. ECF No. 266. On May 5, 2026, the Government filed *Defendants'*

*Opposition to Plaintiffs' Motion for Fees and Expenses* ("Opposition"). ECF No. 267. After receiving a ten-day extension to file their reply (ECF Nos. 268 & 269), Plaintiffs filed their *Reply Brief in Support of Plaintiffs' Motion for Fees and Expenses* ("Reply") on May 27, 2026 (ECF No. 270).

**DISCUSSION**

Under the EAJA:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A plaintiff's entitlement to a fee award is determined by (1) whether plaintiff is the prevailing party, (2) whether the position of the United States was not substantially justified or that special circumstances make an award unjust; and (3) whether the fee request is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The statute "creates a presumption of a fee award." *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984). However, the district court exercises its discretion when determining whether substantial justification of special circumstances exist. *Id.* In addition, the burden is on the party seeking fees to establish that the fee request is reasonable. The plaintiff must document work hours expended and submit evidence in support of the hours

requested. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citation omitted).

## I. Plaintiffs are the Prevailing Parties

A party is awarded attorneys' fees under the EAJA if that party prevailed. "A typical formulation is that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Ctr. For Food Safety v. Johanns*, Civ. No. 03-00621 JMS-BMK, 2007 WL 3072860, at *5 (D. Haw. Oct. 18, 2007) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)) (internal quotation marks omitted) (citation omitted). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Ctr. For Food Safety*, 2007 WL 3072860, at *5 (quoting *Farrar v. Hobby,* 506§ U.S. 103, 111–12 (1992)) (internal quotation marks omitted).

Plaintiffs argue that they are the prevailing parties because the district court, in the *Order Granting Plaintiffs' Motion for Summary Judgment (ECF No. 221) and Denying Defendants' Cross Motion for Summary Judgment (ECF No. 228)* ("Summary Judgment Order") (ECF No. 253), awarded Plaintiffs summary judgment and granted Plaintiffs the relief they sought (remand to the FDA). To

determine if a party prevailed, the Court reviews the judgment. On January 21, 2026, judgment in this case was entered in favor of Plaintiffs pursuant to the district court's *Summary Judgment Order*. ECF No. 261. Plaintiffs achieved the relief they sought in bringing this lawsuit, and the judgment materially altered the legal relationship between the parties by benefiting the Plaintiffs. Plaintiffs are thus the prevailing parties in this case.

## II. The Government's Position was Not Substantially Justified

To deny an EAJA award of fees and costs to the prevailing party, the Court must find that the position of the Government was either "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is within the court's discretion to determine whether the Government's position was substantially justified. *U.S. Commodity Futures Trading Comm'n v. WeCorp, Inc.*, 878 F. Supp. 2d 1160, 1165 (D. Haw. 2012). The Government has the burden of showing its position was substantially justified, and its position must be so "at each stage of the proceedings." *Id.* (quoting *Shafer v. Astrue,* 518 F.3d 1067, 1071 (9th Cir.2008)) (citing *Ratnam v. INS,* 177 F.3d 742, 743 (9th Cir.1999)).

"A position is substantially justified if it has a 'reasonable basis in law and fact.'" *Id*. (quoting *Ratnam,* 177 F.3d at 743). "In making a determination of substantial justification, the court must consider the reasonableness of both 'the underlying government action at issue' and the position asserted by the

government in 'defending the validity of the action in court.'" *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1084 (9th Cir. 2002) (quoting *Bay Area Peace Navy v. United States,* 914 F.2d 1224, 1230 (9th Cir.1990)) (internal quotation marks omitted). "Further, when [the court] decide[s] whether the government's litigation position is substantially justified, 'the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line items.'" *Id.* (quoting *United States v. Rubin,* 97 F.3d 373, 375 (9th Cir.1996)) (citation omitted).

The Government claims that its position was substantially justified both in the agency's conduct and the Government's defense of that conduct during the litigation of this case. In support of this argument, the Government claims that (1) another district judge in the Ninth Circuit in *Washington v. FDA* "ruled *in FDA's favor* in a similar lawsuit[ ]" (ECF No. 267 at PageID.10080 (citing *Washington v. United States Food & Drug Admin.*, No. 1:23-CV-3026-TOR, 2025 WL 1888794, at *4 (E.D. Wash. July 8, 2025))); (2) the *Summary Judgment Order* states that some of the Government's support were reasonable (ECF No. 267 at PageID.10080); (3) the Supreme Court has previously found that a high degree of deference should be given to the FDA (*Id.* at 10081); (4) the Fifth Circuit has found that the FDA "went *too far* in reducing restrictions on mifepristone" (*Id.* at 10081-82) (emphasis in original); and (5) Government correctly litigated its argument that the Plaintiffs lacked standing (*Id.* at 10082).

Plaintiffs claim that the Government's defense of this case was not substantially justified. Plaintiffs argue that there are several reasons why this Court should not find that the Government's position was substantially justified: (1) the language in the *Summary Judgment Order* indicates that the district court found the Government's position was not substantially justified (ECF No. 266-1 at PageID.9841); (2) this litigation was not the "result of laws that were ambiguous, complex or required exceptional analysis" (*Id*. (quoting *Hells Canyon Pres. Council v. U.S. Forest Serv.*, No. CV-00-755-HU, 2004 WL 1853134, at *2 (D. Or. Aug. 18, 2004))); the Government pursued litigation despite having notice of the lack of explanation for the REMS (*Id*. at 9842); and the Government refused to consider relevant evidence (*Id*.).

First, the Government's argument that a district judge in the Ninth Circuit in a similar case, *Washington*, found that the FDA's decision that mifepristone qualifies for REMS and ETASU was not arbitrary and capricious, was "objective indicia" that the Government's position was substantially justified is unpersuasive. *Washington v. United States Food & Drug Admin.*, No. 1:23-CV-3026-TOR, 2025 WL 1888794, at *3 (E.D. Wash. July 8, 2025). In *Washington*, the FDA's decision that mifepristone qualifies for REMS and ETASU was not found to be arbitrary and capricious. *Id*. at *4. The Government argues that the decision in *Washington*, in addition to two other Supreme Court cases, establishes that there were at least

"objective indicia" that there was a "high degree of deference owed to FDA's decision to retain mifepristone's REMS requirements." ECF No. 267 at PageID.10081 (citing *FDA v. Am. Coll. of Obstetricians & Gynecologists*, 141 S. Ct. 578, 579 (2021); *FDA v. Am. Coll. of Obstetricians & Gynecologists*,141 S. Ct. 10, 12 (2020)). The Court disagrees. "Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." *Pierce v. Underwood*, 487 U.S. 552, 569, 108 S. Ct. 2541, 2552, 101 L. Ed. 2d 490 (1988).

Second, the Government argues that the district court, in the *Summary Judgment Order*, commented and suggested that a few of Plaintiffs' arguments may be reasonable. However, the portions of the *Summary Judgment Order* cited do not support the Government's claim that its position was substantially justified. After stating that "[s]ome of [the Government's support for their position is certainly reasonable," the district court ultimately concluded that "the reasonableness of [the Government's] position waivers . . . " ECF No. 253 at PageID.9641. Similarly, the district court's statement that "it is not obvious to the Court" was about Plaintiff's failure to explain what more the Agency should have done, but the Court ultimately agreed with Plaintiffs that "subsection (f)(1)(A)

must mean something different . . ." *Id*. at 9646. The remaining quotes cited by the Government relate to how the FDA lacked explanation in its determination and do not support the Government's position that it was substantially justified.

Third, the Supreme Court cases cited by the Government is not so broad to suggest that a high degree of deference should be given to the FDA under every circumstance. The district court in this case explicitly found that the FDA failed to clearly explain its consideration of certain required factors. ECF No. 253 at PageID.9657. The two Supreme Court cases cited by the Government presume that the Agency arrived at a reasonable conclusion based on the evidence before it. *FDA*, 141 S. Ct. at 579; *FDA*,141 S. Ct. at 12. Here, Plaintiffs ask for a remand to the FDA "with instructions to address statutorily-mandated factors and consider relevant evidence the Agency allegedly disregarded." ECF No. 253 at PageID.9608. Because the parties dispute whether the Agency addressed all factors and considered evidence, the Court declines to find that deference to the FDA is appropriate.

Fourth, the Government cites the Fifth Circuit case, *Alliance for Hippocratic Med. v. U.S. Food & Drug Admin.,* to show that the FDA has been faulted for the reduction of restrictions on mifepristone. *Alliance for Hippocratic Med. v. U.S. Food & Drug Admin.*, 78 F.4th 210, 222 (5th Cir. 2023), *rev'd and remanded sub nom. Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 144 S. Ct.

1540, 219 L. Ed. 2d 121 (2024). However, the Fifth Circuit case has been reversed and remanded by the Supreme Court of the United States. In addition, as stated previously, the fact that one other court has found in favor of the FDA does not establish that the Government's position was substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 569, 108 S. Ct. 2541, 2552, 101 L. Ed. 2d 490 (1988).

Fifth, the Government's claim that it was substantially justified in arguing that Plaintiffs lacked standing is unavailing. In the *Summary Judgment Order*, the district court discusses that the Government incorrectly argued that "an organizational plaintiff must name a specific member in its complaint and then provide evidence of that *same* specific member's standing at summary judgment." ECF No. 253 at PageID.9629. The Government failed to provide any legal authority on point and the district court was unable to find any case law that supported the Government's argument. The Government did not prevail on its standing argument. While it is true that the Government may still be substantially justified despite not prevailing, it is also true that even if the Government prevailed, their position could still have not been substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 569, 108 S. Ct. 2541, 2552, 101 L. Ed. 2d 490 (1988). Thus, the fact that the Government did not prevail on its "standing" argument does not necessarily weigh for or against the finding of substantial justification. However, it is the Government's burden to establish that its position

was substantially justified, and here the district court explicitly stated that "'it is relatively clear, than merely speculative, that one or more members' of the organizational Plaintiffs would have standing[.]" ECF No. 253 at PageID.9628 (quoting *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015)). If it was relatively clear under the law that Plaintiffs had standing, then the Government's claim that Plaintiffs lacked standing was not substantially justified.

For these reasons, the Court finds that the Government has not established that its position was substantially justified. The Court next turns to whether special circumstances should bar recovery of an EAJA fee award.

## III. Special Circumstances Do Not Exist

"[A] denial of fees on the basis of special circumstances is extremely rare." *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1064 (9th Cir. 2009) (internal quotation marks omitted) (citation omitted). The EAJA disallows fees when special circumstances exist that cause an award of fees to be unjust. *Scarborough v. Principi*, 541 U.S. 401, 423, 124 S. Ct. 1856, 1870, 158 L. Ed. 2d 674 (2004). This exception acts as a "safety valve [and] gives the court discretion to deny awards where equitable considerations dictate an award should not be made." *Id.* (internal quotation marks omitted). The Government has the burden of establishing that "special circumstances exist to make an award unjust." *Gutierrez v. Barhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

The Government argues that EAJA fees should be denied because there is "no EAJA-eligible prevailing party" in this case. ECF No. 267 at PageID.10083. The Government claims that Dr. MacNaughton was an associational plaintiff and the sole member of SFP used by Plaintiffs to establish standing. ECF No. 267 at PageID.10083. However, the Government contends that Plaintiffs failed to establish Dr. MacNaughton is eligible for fees under the EAJA. *Id*. The Government further claims that Dr. Purcell is not an EAJA eligible prevailing party because he did not have any standing in this case. *Id*. Similarly, the Government argues Dr. Chelius is similarly not a prevailing party because he dropped out before final judgment. *Id*. at 10085. As such, the Government claims that EAJA fees should not be awarded because there is no eligible prevailing party. *Id*. at 10084.

Plaintiffs argue that SFP, Dr. Purcell, and Dr. Chelius meet the eligibility criteria under 28 U.S.C. § 2412(d)(2)(B). ECF No. 270 at PageID.10110. SFP is an organizational plaintiff and to be EAJA eligible, SFP must be:

> Any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed; except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. 501(c)(3)) exempt from taxation under section 501(a) of such Code, or a cooperative association as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 1141j(a)), may be a party regardless of the net worth of such organization or cooperative

> association or for purposes of subsection (d)(1)(D), a small entity as defined in section 601 of title 5

28 U.S.C. § 2412(d)(2)(B)(ii). SFP is operating under 501(c)(3) and had fewer than 500 employees at the time of this case. ECF No. 266-7 at PageID.10010. SFP is an eligible party under 28 U.S.C. § 2412(d)(2)(B)(ii).

Dr. Purcell and Dr. Chelius are individuals. ECF No. 270 at PageID.10112. To be eligible for EAJA fees, these plaintiffs must be "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). In her declaration, Dr. Purcell stated that her net worth was approximately $280,000.00. ECF No. 266-8. Dr. Chelius also submitted a declaration and claims that his net worth was approximately $570,000.00. ECF No. 266-9. These totals fall well below $2,000,000. Dr. Purcell and Dr. Chelius are eligible parties under 28 U.S.C. § 2412(d)(2)(B).

The Court finds that SFP's eligibility is sufficient to establish that there are no special circumstances in this case such that EAJA fees should be denied. The Government does not cite any authority that suggests otherwise, and this Court is not aware of any legal authority requiring the associational plaintiff to be eligible when the organizational plaintiff is EAJA eligible. The Government cites *Love v. Reilly*, but that case established that there is "no additional burden on [organizations] who apply for fees under the EAJA by requiring the [organization] to prove that each of its members is individually eligible by fees." *Love v. Reilly*,

924 F.2d 1492, 1494 (9th Cir. 1991). Accordingly, the Court does not find that special circumstances exist such that EAJA fees should be denied.

## IV. Reasonableness of the Attorneys' Fees Requested

The courts in this district use the lodestar calculation to calculate the reasonableness of attorneys' fees in EAJA cases. *Malama Makua v. Hagel*, No. CV 09-00369 SOM-RLP, 2013 WL 12284635, at *4 (D. Haw. Apr. 22, 2013). Fees calculated using the lodestar method are presumptively reasonable. *Id*. The lodestar amount is calculated by multiplying "the number of hours reasonably expended on litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court shall first discuss the reasonableness of the hourly rate requested and shall then discuss the reasonableness of the hours of work expended.

### A. Reasonable Hourly Rate

The reasonable maximum hourly rate for attorneys in EAJA cases are set forth in 28 U.S.C. § 2412(d)(2)(A):

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Pursuant to *Thangaraja*, the Ninth Circuit has set forth maximum hourly rates, adjusted for the increase in the cost of living, for fees awarded under the EAJA.

*Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the [EAJA]* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited August 5, 2026).

Plaintiffs provided a chart summarizing the hourly rates claimed by their attorneys for each year. These hourly rates correspond to the maximum hourly rates permitted by the Ninth Circuit and are thus reasonable:

| **Year** | **Hourly Rate** |
|---|---|
| 2017 | $196.79 |
| 2018 | $201.60 |
| 2019 | $205.25 |
| 2020 | $207.78 |
| 2021 | $217.54 |
| 2022 | $234.95 |
| 2023 | $244.62 |
| 2024 | $251.84 |
| 2025 | $258.46 |
| 2026 | $258.46 |

### B. <u>Reasonable Hours Expended</u>

The Court next turns to whether the hours of work requested are reasonable. Plaintiffs have the burden of documenting the hours expended by their attorneys and to submit evidence in support of the hours requested. *Hensley*, 461 U.S. at 437. Plaintiffs have provided adequate support for the hours they request. Below is a chart provided by Plaintiffs showing each timekeeper and the number of hours requested.

| Name | Hours | Total |
|---|---|---|
| Mateo Caballero | 104.8 | $21,346.31 |
| Lorie Chaiten | 227.2 | $53,667.49 |
| John Freedman | 54.0 | $13,236.67 |
| Julia Kaye | 1635.5 | $363,995.09 |
| Jongwook "Wookie" Kim | 263.7 | $58,420.34 |
| Rachel Reeves | 95.3 | $22,674.50 |
| Whitney Whie | 346.7 | $85,401.26 |
| Elizabeth Sawyer | 89.4 | $8,046.00 |
| **Total Fees Requested** | | $626,787.66 |

ECF No. 270-1 at PageID.10128-29. In addition to the summary chart, Plaintiffs also provided charts showing the number of hours each timekeeper worked each year and detailed timekeeping records. *Id.* at 10139-10212. Plaintiffs have met their burden of documenting their timekeeping hours.

The Government urges the Court to reduce the hours requested by Plaintiffs significantly. The Government claims that the hours spent on Plaintiffs' summary judgment briefing is excessive (ECF No. 267 at PageID.10086); the fees and expenses incurred to retain experts is unreasonable (*Id.* at 10086); and any fees for clerical or secretarial work should not be permitted (*Id.* at 10088).

On May 27, 2026, Plaintiffs submitted a *Second Updated Statement of Disputes* ("Second Statement") as an exhibit to their Reply. ECF No. 270-1. Plaintiffs claim that after meet and conferring with Defendants, Plaintiffs made additional reductions to its requested fees and expenses. Plaintiffs claim they withdrew their requests for:

(1) 22.5 hours of work on letters submitted to FDA as part of its administrative review of the challenged regulations midway through the litigation;

(2) 19.1 hours of work on Plaintiffs' request for the court to retain jurisdiction pending the agency remand;

(3) 2.8 hours of work on a motion that Plaintiffs did not ultimately file, which Plaintiffs had included in error after cutting all other time on unfiled motions in the exercise of billing judgment;

(4) 3.4 hours of clerical work performed by attorneys.

*Id*. at PageID.10125-26. Plaintiffs also claim that they waived over 21 additional hours for work related in bringing the *Fee Motion* and waived an additional 35.6 hours of work on behalf of Plaintiffs CAFP and PPSI,[3] who do not seek fees. *Id*. at 10132. In the *Second Statement*, Plaintiff represents that "[a]s of May 27, 2026" the entries of clerical/secretarial work and expert fees are "no longer disputed." *Id*. at 10133. The remaining disputes are regarding (1) the hours for work performed on summary judgment briefings; (2) the hours for work related to the expert witnesses; and (3) whether the fees requested should be apportioned. The Court shall address each below.

**1. <u>Summary Judgment Hours</u>**

The Government argues that hours should be reduced because Plaintiff's counsel "spent more than 200 hours drafting, editing, reviewing, revising, and

[3] PPSI filed a *Stipulation of Voluntary Dismissal of [PPSI]* on April 15, 2021, which stated that PPSI will bear its own attorney's fees and costs. ECF No. 139.

preparing each of three principal summary judgment filings." ECF No. 267 at PageID.10086. The Government claims that even if the number of hours spent on the first summary judgment motion was reasonable, the second and third motions should not have required as much time because of overlapping issues. *Id.*

Plaintiffs argue that each of the motions was "voluminous and complex." ECF No. 70 at PageID.10116. Plaintiffs claim that the Government ignores "the dramatic legal and factual developments between each filing . . . a new agency action at the center of the case, a more than 6,000-page supplemental record, and the overruling of *Roe v. Wade*." *Id*. 10116. In addition, Plaintiffs point out that the Government failed to consider that hundreds of additional hours Plaintiffs have already waived. *Id.*

The Court does not find the Government's argument compelling. The Government finds these hours unreasonable but does not state specifically why the hours are excessive and fails to explain how many hours should be reduced as a result. Nevertheless, the Court has reviewed Plaintiffs' timekeeping hours and summary judgment motions and finds that the hours requested are reasonable. The Court therefore declines to recommend any reduction.

**2. Hours Regarding Work Related to Expert Witnesses**

The Government argues that the EAJA bars recovery of expert fees in this case. ECF No. 267 at PageID.10087. Indeed, 28 U.S.C. § 2412(d)(2)(A)(i)

prohibits expert witness fees more than the highest rate of compensation paid by the Government for its expert witnesses. In this case, the Government did not have any expert witnesses. The statute is silent on the issue of whether Plaintiffs may claim hours for work related to the expert witnesses hired. Although the *Second Statement* states that the Government objects to fees regarding work related to expert witnesses (ECF No. 270-1 at PageID.10133), the *Opposition* is void of any such argument. Accordingly, the Court deems such argument waived.

### 3. Apportionment is Not Necessary

The Government claims that any fee award should be "apportioned and reduced pro rata based on the shares of those Plaintiffs who are not entitled to recover" attorneys' fees and costs. ECF No. 267 at PageID.10090. Plaintiffs cite the case *Love v. Reilly* and claim that to demonstrate that apportionment is required, the Government must establish that there is a "free rider problem." ECF No. 270 at PageID.10114-10115 (citing *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991)). *Love v. Reilly* indeed requires that the proportionality rule for fees applies when there is a free rider problem. *Love*, 924 F.2d at 1495. Here, the Government has not established that there is a free rider problem. In addition, Plaintiffs have represented that the requested fees exclude work performed for two ineligible plaintiffs, PPSI and CAFP. ECF No. 270 at PageID.10110. The Court thus declines to recommend apportionment.

### C. Plaintiffs Should Be Awarded Their Costs

Plaintiffs request costs in the amount of $2,781.33. The Government makes a general objection against an award of costs but does not object to the specific costs requested. ECF No. 270-1 at PageID.10214. The Government has thus waived their objections to the specific costs requested. The Court recommends that the district court grant Plaintiff's requested costs.

## CONCLUSION

The Court **FINDS** that Plaintiffs are entitled to their attorneys' fees under the EAJA and **RECOMMENDS** that the district court **GRANT** the *Fee Motion* and award Plaintiffs fees in the amount of **$626,787.66** and costs in the amount of **$2,781.33** for eight years of litigating their case.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 5, 2026.

Rom A. Trader
United States Magistrate Judge