IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HEIDI PURCELL, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY, U.S. D.H.H.S., ET AL.,<br><br>Defendants. | CIV. NO. 17-00493 JAO-RT<br><br>ORDER SUSTAINING IN PART DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFFS' MOTION FOR FEES AND EXPENSES (ECF NO. 272) |

**ORDER SUSTAINING IN PART DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFFS' MOTION FOR FEES AND EXPENSES (ECF NO. 272)**

Last year the Court ruled in Plaintiffs' favor in their long-running challenge to Defendant the Food and Drug Administration's ("FDA") regulation of mifepristone—a drug used as part of a regimen for medication abortion—and remanded the matter to the FDA for further consideration.[1] *See* ECF No. 253 (Order Granting Plaintiffs' Motion for Summary Judgment and Denying

[1] Plaintiffs are Heidi Purcell, M.D., FACOG, Society of Family Planning ("SFP"), and the California Academy of Family Physicians. Defendants are the FDA; Robert F. Kennedy, Jr. in his official capacity as Secretary of the United States Department of Health and Human Services; and Martin A. Makary, M.D., M.P.H., in his official capacity as Commissioner of Food and Drugs.

Defendants' Cross Motion for Summary Judgment, or "MSJ Order"). Having obtained their requested relief, Plaintiffs filed a Motion for Attorney Fees and Expenses ("Fees Motion") under the Equal Access to Justice Act ("EAJA"). ECF No. 266. Over Defendants' opposition, ECF No. 267, Magistrate Judge Rom Trader issued Findings and Recommendations to Grant Plaintiffs' Fees Motion ("F&R"), ECF No. 271.

Defendants purport to object to the F&R in its entirety, arguing that Plaintiffs are not entitled to fees or that the recommended award should be reduced. *See generally* ECF No. 272 ("Objection"). Plaintiffs responded to the Objection. *See* ECF No. 273.

For the following reasons, the Court SUSTAINS IN PART Defendants' Objection and thus declines to adopt the F&R in its entirety. Instead, the Court concludes that Plaintiffs are not entitled to fees under the EAJA because Defendants' position was substantially justified. The Court thus declines to adopt the F&R and denies the Fees Motion as to attorneys' fees. However, as Defendants did not specifically object to the F&R's award of costs, the Court adopts the F&R on that point.

# I. BACKGROUND

Because the parties are familiar with the history of this case, the Court includes only an abbreviated background section. The Court provided a more comprehensive recitation in its MSJ Order.

## A. Nature of the Case

The FDA regulates prescription drugs to ensure their safety. Sometimes when approving drugs, the FDA requires a "risk evaluation and mitigation strategy" ("REMS") if it determines such a strategy "is necessary to ensure that the benefits of the drug outweigh the risks of the drug." 21 U.S.C. §§ 355-1(a)(1). When imposing a REMS, the FDA may further restrict the drug by imposing certain "elements as are necessary to assure safe use" ("ETASUs"). *Id.* § 355-1(f).

Mifepristone is one of those rare drugs with a REMS and ETASUs. The FDA initially approved the drug for use in medication abortion in 2000 with a REMS and ETASUs. Since its initial approval, mifepristone has always been subject to heightened restrictions, although with FDA review and litigation, the precise contours of those restrictions have changed somewhat.

Plaintiffs brought this case to challenge the mifepristone REMS and ETASUs as unwarranted relative to the drug's safety.

### B. Procedural History and Court's MSJ Ruling

The original plaintiffs in this case filed suit on October 3, 2017 challenging the FDA's 2016 REMS.[2] *See generally* ECF No. 1. Since then, there have been three separate rounds of at least some briefing on motions for summary judgment. In 2019, the parties moved for summary judgment on the initial challenge to the 2016 REMS. *See* ECF Nos. 86, 89. Before resolving the motions, however, the Court stayed the matter pending Supreme Court litigation. *See* ECF Nos. 107, 128. After lifting the stay, the Court reset the briefing schedule, *see* ECF No. 130, and the then-plaintiffs filed their second motion for summary judgment, ECF No. 141. But before Defendants' counter-motion and opposition was due, the FDA agreed to undertake the full 2021 REMS review. *See* ECF No. 148. The Court again stayed the matter. *See* ECF No. 149.

The 2021 REMS review culminated with the FDA's 2023 REMS Decision, which Plaintiffs challenged in an amended complaint, asserting—as relevant—that the updated REMS was arbitrary and capricious in violation of the Administrative Procedure Act. *See* ECF No. 212. Again, the parties cross-moved for summary judgment. *See* ECF Nos. 221, 228. In their motion, Defendants first argued that Plaintiffs lacked standing to pursue their claims. *See* ECF No. 253 at 18–28 (MSJ

[2] The MSJ Order describes the different mifepristone REMS reviews that the FDA has conducted, and their outcomes. *See* ECF No. 253 at 6–14.

Order's discussion of standing). After Plaintiffs narrowed the standing issue considerably by conceding that they relied exclusively on one SFP member, the Court concluded that Dr. Honor MacNaughton had standing to maintain the challenge. *See id.* at 18.

On the merits of the APA challenge, the Court concluded that the 2023 REMS Decision was arbitrary and capricious based on the FDA's failure to provide a reasoned explanation. *See id.* at 29. Specifically, the Court agreed with Plaintiffs that the FDA didn't consider statutorily-mandated factors in re-imposing the REMS and thus violated the APA. *See id.* at 34–52. More generally, the Court also concluded that the FDA's explanations for the necessity of the ETASUs were insufficient. *See id.* at 52–63. The Court determined that the FDA's selective focus on certain types of data led to a failure to consider relevant evidence, which compounded the aforementioned deficiencies. *See id.* at 64–76. The Court thus remanded the matter to the FDA to reconsider the mifepristone REMS, yet left the current restrictions in place pending remand. *See id.* at 78.

After the voluntary dismissal of their remaining constitutional claims, ECF No. 257, Plaintiffs filed their Fees Motion, ECF No. 266. Defendants opposed, ECF No. 267, and Judge Trader issued the F&R on August 5, 2026, ECF No. 271. The F&R determined that Plaintiffs were entitled to fees under the EAJA and

recommends the Court award Plaintiffs $626,787.66 in fees and $2,781.33 in costs. *See* ECF No. 271 at 2.

Defendants timely filed their Objection on August 19, 2026, ECF No. 272, and Plaintiffs timely filed their response to the Objection, ECF No. 273. The Court resolves Defendants' Objection without a hearing pursuant to Local Rule 7.1(d).

## II. LEGAL STANDARD

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006). "Generally, a district court need not consider new arguments raised for the first time in objections to an R & R." *Olmos v. Ryan*, 2013 WL 3199831, at *8 (D. Ariz. June

24, 2013) (citing *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000)); *see also For Our Rights v. Ige*, 2023 WL 2666469, at *3 (D. Haw. Mar. 28, 2023).

## III. DISCUSSION

Under the EAJA, "[a] court shall award to a prevailing party . . . fees and other expenses" incurred in an action against the United States, "*unless* the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The statute "creates a presumption of a fee award" to prevailing parties, but does not "detract from the court's duty to use discretion in evaluating the criteria in the clause following 'unless.'" *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984).

Here, there's no substantive dispute that Plaintiffs prevailed in the litigation, yet Defendants argue that their position was substantially justified. *See* ECF No. 272 at 12–15. They also raise several other points of contention with the F&R but, because the Court concludes that Defendants' position was substantially justified, it need not reach those other issues.

### A. Substantial Justification

Defendants claim that their position was substantially justified, i.e., reasonable, because: (1) another district court ruled in the FDA's favor in a similar mifepristone lawsuit; (2) the FDA deserves a "high degree of deference"; (3) a

since-overturned Fifth Circuit decision concluded that the FDA had eased the mifepristone REMS too much; and (4) Defendants' arguments regarding standing prompted Plaintiffs to abandon efforts to establish that certain plaintiffs had standing. *See* ECF No. 272 at 12–15. In Plaintiffs' response to Defendants' Objection, they argue that the Defendants fail to grapple with the MSJ Order's conclusion that "found numerous fundamental defects in the agency's decision-making . . ., including FDA's failure to consider required statutory factors, exclusion of plainly relevant material, [and] failure to sufficiently explain the logic behind any reasoning it did provide[.]" ECF No. 273 at 4. The Court ultimately concludes that the Defendants' position was substantially justified based on the complex and somewhat ambiguous statutory scheme at issue, a dearth of case law discussing the FDA's obligations during REMS reviews, and the fact that at least one other court has ruled differently than the Court.

"The government has the burden of demonstrating that its position was substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). "A substantially justified position must have a reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). Put differently, a substantially justified position is one that is "justified in substance or in the main . . . to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 558 (1988) (internal quotation marks and citation omitted).

The "position of the United States" includes not just the government's litigation position, but also the challenged underlying agency conduct. *See* 28 U.S.C. § 2412(d)(2)(D); *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007). Thus, courts "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali*, 854 F.2d at 332. However, "[t]he test is an inclusive one," meaning courts consider the government's position "as a whole," rather than at successive stages of proceedings. *See Ibrahim v. DHS*, 912 F.3d 1147, 1168 (9th Cir. 2019) (citations omitted).

The Court begins with an assessment of the underlying agency conduct. Although the Court concluded that the FDA acted arbitrarily and capriciously by failing to apply relevant statutory factors, provide reasoned explanations, and consider relevant evidence, the Court nonetheless concludes that FDA's action was substantially justified. As a threshold matter, "arbitrary and capricious conduct is not per se unreasonable" for the purpose of EAJA fees. *Andrew v. Bowen*, 837 F.2d 875, 878 (9th Cir. 1988). To conclude otherwise would wrongfully assume that the government's failure to prevail means that its position wasn't justified. *See Kali*, 854 F.2d at 332.

Regarding the Court's conclusion that the FDA failed to apply the so-called "Initial Approval Factors" and certain "ETASU Factors," the Court notes that while it ultimately agreed with Plaintiffs' reading of the statutory scheme, such a conclusion was not obvious. Indeed, a significant portion of the MSJ Order was devoted to determining which factors applied to the agency's REMS review and whether the agency considered them. *See* ECF No. 253 at 30–52. The Court considered those questions to be the "heart" of the case. *See id.* at 34. Throughout the Court's lengthy discussion of statutory interpretation, the Court stressed that there was some textual support for Defendants' proffered interpretations, *see, e.g*, *id.* at 35 ("[s]ome of Defendants' support for their position is certainly reasonable"), and repeatedly commented that the meanings of the provisions were obscure, *see, e.g.*, *id.* at 41–44. In short, the Court wrestled with the meanings of these interlocking and ambiguous statutory provisions, and generally considered the scheme complex. While the Court concluded that the FDA's interpretation was incorrect, it did not consider the agency's understanding of the applicable factors to be unreasonable. *See Oregon Nat. Res. Council v. Madigan*, 980 F.2d 1330, 1332 (9th Cir. 1992) (noting that an agency's failure to comply with a statutory obligation may be substantially justified when the statute is ambiguous or complex).

Further, notably absent from the Court's textual analysis of the statutory scheme is any citation to cases examining the FDA's obligations when reviewing a REMS regime. This was not a mere stylistic choice by the Court, but instead reflected the reality that legal challenges to the FDA's determination of whether to impose a REMS on a given drug appear extremely rare, especially when excluding mifepristone challenges. As evidence of the dearth of caselaw, neither party cited any case discussing the relevant factors in their cross motions for summary judgment. *See* ECF No. 221-1 at 36–38; ECF No. 228-1 at 36–41. The FDA thus didn't have the benefit of caselaw to guide its review and application of the statutory factors. And while novelty of an issue does not "automatically shield[]" the government from a fee award, *see Gutierrez*, 274 F.3d at 1262, the absence of precedent may support a substantial justification finding, *see Edwards v. McMahon*, 834 F.2d 796, 802–03 (9th Cir. 1987) (collecting cases); *see also Ibrahim*, 912 F.3d at 1168 ("Fees may be denied when the litigation involves questions of first impression, but whether an issue is one of first impression is but one factor to be considered." (internal quotation marks and citation omitted)).

These same considerations of complexity and novelty also suggest that, while the Court deemed the FDA's consideration of evidence and its explanation insufficient under the APA, they were nevertheless substantially justified. Indeed, at least one other district court facing an almost identical challenge to the one in

this case concluded that "[t]he FDA did not ignore the laws that apply nor the regulations," and "fully considered the important aspect of the issues in th[e] case and came to a reasonable conclusion." *Washington v. FDA*, 2025 WL 1888794, at *3–4 (E.D. Wash. July 8, 2025). "Obviously, the fact that one other court agreed or disagreed with the Government does not *establish* whether its position was substantially justified," but it just as obviously suggests that that agency's position "could satisfy a reasonable person." *Pierce*, 497 U.S. at 565, 569 (emphasis added). What this other case reveals is that the exact scope of the FDA's obligations during a review of a drug's REMS is undefined and subject to differing interpretations.

The lack of caselaw and fact that at least one other court has ruled in favor of the FDA's retention of a mifepristone REMS also support the conclusion that Defendants' litigation position was substantially justified. Although Plaintiffs don't discuss the Defendants' litigation position in their response to the Objection, they did address the issue in their Fees Motion, arguing that Defendants' litigation posture was not substantially justified. *See* ECF No. 266-1 at 19–21. First, Plaintiffs argued that Defendants persisted with eight years of litigation despite "flagrant APA errors," *id.* at 19–20, but as discussed above, the Court does not consider the errors obvious—as evidenced by the Court's lengthy MSJ Order—and another court saw no error at all. Second, Plaintiffs go on to attack some of

Defendants' discrete litigation positions, despite acknowledging that courts are to treat the case as an inclusive whole. *See id.* at 20–21. Specifically, Plaintiffs emphasize that the Court denied or rejected various motions or positions that Defendants put forth during the case, *see id.* at 21–21, but although the Court denied various motions, the Court never considered Defendants' arguments unreasonable. If anything, the Court consistently faced tough decisions in this challenging and complicated case and concludes that Defendants' position throughout agency proceedings and the litigation was on the whole substantially justified.

**B. Costs**

The F&R noted that Defendants generally opposed an award of costs but didn't offer any objections to the specific costs requested. *See* ECF No. 271 at 22. The F&R thus recommended that the Court award Plaintiffs the $2,781.33 they requested. *See id.* Similarly, here, Defendants do not discuss costs separately from fees, or object to any particular costs. *See generally* ECF No. 272. As such, the Court adopts the F&R as it relates to costs. *See Barranco v. 3D Sys. Corp.*, 2018 WL 3957046, at *2 (D. Haw. Aug. 16, 2018) (noting that the district judge need not consider conclusive or generalized objections to findings and recommendations, and collecting cases).

The Court, however, wishes to address one possible ambiguity regarding costs. In the parties' briefing on the Fees Motion and the F&R, they do not precisely distinguish between EAJA "costs" and "expenses." The EAJA states that "costs . . . not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States." 28 U.S.C. § 2412(a)(1). Such "costs" are not subject to the "substantially justified" exception for "fees and other expenses." *Id.* § 2412(d)(1)(A). Based on the Court's review of the underlying briefing, the Court construes Plaintiffs' request for costs to fall under 28 U.S.C. § 2412(a)(1). The Court's conclusion that Defendants' position was substantially justified does not affect Plaintiffs' eligibility for such costs.

## IV. CONCLUSION

For the foregoing reasons, the Court SUSTAINS Defendants' Objection to the F&R with regard to attorneys' fees but adopts the F&R with respect to costs. In sum, the Court denies Plaintiffs' Fees Motion as to attorneys' fees, ECF No. 266, and awards costs consistent with the F&R.

///

///

///

///

IT IS SO ORDERED.

DATED: Honolulu, Hawai‘i, November 6, 2026.

Jill A. Otake
United States District Judge

CIV. NO. 17-00493 JAO-RT, *Purcell, et al. v. Kennedy, et al.*; ORDER SUSTAINING IN PART DEFENDANTS’ OBJECTION TO MAGISTRATE JUDGE’S FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFFS’ MOTION FOR FEES AND EXPENSES (ECF NO. 272)